IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **EDWARD J. BREEDEN, JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:06-CV-347-Y |
| § | |
| **NATHANIEL QUARTERMAN, Director,**[1] § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Edward J. Breeden, Jr., TDCJ-CID #860440, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lamesa, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

On February 10, 1999, a jury found Breeden guilty of aggravated sexual assault of a child younger than 14 years of age in the 372nd District Court of Tarrant County, Texas, and sentenced him to twenty-five years' confinement. (Clerk's R. at 60.) Subsequently, on August 17, 2000, the Second District Court of Appeals affirmed the trial court's judgment, and, on February 28, 2001, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Breeden v. Texas*, No. 2-99-058-CR, slip op. (Tex. App.–Fort Worth Aug. 17, 2000) (not designated for publication); *Breeden v. Texas*, PDR No. 1948-00. Breeden did not seek writ of certiorari. (Petition at 3.) Thus, his conviction became final 90 days later on May 29, 2001. *See* SUP. CT. R. 13.1.

On September 19, 2001, Breeden filed a motion for forensic DNA testing in the state trial court. (Clerk's R., Mtn. for DNA Testing, at 3-5.) After a hearing, the trial court entered an order denying the motion on September 18, 2002. (*Id.* at 38.) The Second District Court of Appeals affirmed the trial court's order on July 10, 2003, and the Texas Court of Criminal Appeals refused Breeden's petition for discretionary review on December 10, 2003. *Breeden v. Texas*, No. 2-02-384-CR, slip op. (Tex. App.–Fort Worth July 10, 2003) (not designated for publication); *Breeden v. Texas*, PDR No. 1186-03.

Breeden also sought state habeas relief to no avail. On April 16, 2002, Breeden filed his first state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on May 22, 2002. (1State Habeas R. at cover.)[2] On April 13,

---

[2] "1State Habeas R." refers to the state court record of Breeden's state habeas Application No. 52,319-01; "2State Habeas R." refers to the state court record of his state habeas Application No.
(continued...)

2005, Breeden filed a second state habeas application challenging his conviction, which was dismissed as successive by the Texas Court of Criminal Appeals on June 29, 2005. (2State Habeas R. at cover.) On October 21, 2005, Breeden filed a third state habeas application challenging his conviction, which was dismissed as successive by the Texas Court of Criminal Appeals on January 11, 2006. (3State Habeas R. at cover.) Breeden filed this federal petition in the Dallas Division on April 26, 2006, and the action was ordered transferred to this court on May 19, 2006.

### D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2](...continued)
52,319-02; "3State Habeas R." refers to the state court record of his state habeas Application No. 52,319-03.

3

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  Under subsection (A), applicable to this case, Breeden's conviction became final and the one-year limitations period began to run upon expiration of the time that Breeden had for seeking certiorari in the United States Supreme Court on May 29, 2001, and closed on May 29, 2002, absent any tolling. Under the statutory tolling provision, Breeden's first state habeas application tolled the limitations period 36 days, making his federal petition due on or before July 5, 2002.[3] *Id.* § 2244(d)(2). Breeden's second and third state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period. *See Scott*, 227 F.3d 260, 263 (5th Cir. 2000). Nor did Breeden's motion for DNA testing toll the limitations period under § 2244(d)(2). Such motions are not properly-filed applications for state postconviction relief or other collateral review. *See, e.g., Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) (holding that a preliminary motion that is not itself an application for a writ of habeas corpus does not toll the statute of limitations), *cert. denied*, 538 U.S. 947 (2003); *Walker v. Dretke*, No. H-05-2392, 2006 WL 1582000, at *5 (S.D. Tex. June 7, 2006) (holding that motions for DNA testing are not properly-filed applications for state postconviction relief or other collateral review); *Carillo v. Dretke*, Nos. 3-04-CV-1955-K & 3-04-CV-1956-K, 2004 WL 3008605, *2 (N.D. Tex. December 28, 2004), *adopted*, 2005 WL 236381 (N.D. Tex. Jan. 19, 2005) (holding that a postconviction motion for DNA testing is not one for "other collateral review" and does not toll the limitations period under § 2244(d)(2)). Thus, absent additional tolling of the limitations period under the doctrine of equitable

---

[3] 36 days later falls on July 4, 2002, a federal holiday.

tolling, Breeden's petition is untimely.

Breeden does not specifically raise the issue of equitable tolling nor does he assert valid reasons for his failure to file a federal petition in a timely manner. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Breeden, acting pro se, asserts that he lacked money to pay for and experienced difficulty obtaining state court records and that the Texas Court of Criminal Appeals failed to give him notice of its disposition of his state habeas application(s). Mere ignorance of the law or lack of knowledge of filing rules or deadlines on the part of a pro se prisoner does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Further, difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue postconviction habeas relief. *See Felder*, 204 F.3d at 171-72. Finally, although a delay in receiving notification of state court rulings can qualify for equitable tolling, this case does not justify application of the doctrine. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). There is no evidence that Breeden attempted to or could not contact his attorney or the state courts earlier in order to learn the status of his state habeas application(s). In other words, Breeden was not prevented in some extraordinary way from asserting his rights. *See*

*Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *3 (5th Cir. 2002) (not selected for publication in the Federal Reporter), *cert. denied*, 538 U.S. 1038 (2003).

Breeden's federal petition was due on or before July 5, 2002; thus, his petition filed on April 26, 2006, is untimely and is time-barred.

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that Breeden's petition be DISMISSED as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 31, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 31, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 9, 2006.

        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE