```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

EDWARD J. BREEDEN, Jr.,          §
     Petitioner,                 §
                                 §
VS.                              §   CIVIL ACTION NO.4:06-CV-347-Y
                                 §
NATHANIEL QUARTERMAN,            §
Director, T.D.C.J.               §
Correctional Institutions Div., §
     Respondent.                 §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Edward J. Breeden Jr. under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 9, 2006; and

3. The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on August 31, 2006.

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth here.

To the extent Breeden argues that the limitations period did not begin under 28 U.S.C. § 2244(d)(1)(D) until the date he was allegedly denied access to court by the Texas Court of Criminal Appeals in dismissing a state application for writ of habeas corpus as successive, such argument must be rejected. Section 2244(d)(1)(D) provides for tolling of the limitations period when the fact on which a federal habeas-corpus claim is based could not have been

discovered by a diligent petitioner.[1] These facts do not include asserted errors in a state court's disposition of a state habeas application.[2] A state court's decision on a state habeas application cannot serve as a factual predicate for a claim on federal habeas review in the context of tolling the limitations period under subsection (1)(D).[3] Moreover, a long line of cases dictates that errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction.[4] An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it "is an attack on a proceeding collateral to the detention and not the detention itself."[5] Thus, Breeden's arguments and objections based upon the applicability of 28 U.S.C. § 2244(d)(1)(B) are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

---

[1] 28 U.S.C. § 2244(d)(1)(D)(West Supp. 2006); *see e.g.*, *Fisher v. Johnson*, 174 F.3d 710, 715 n. 14 (5th Cir.), *reh'g den'd,* 189 F.3d 471 (5th Cir. 1999).

[2] *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir.)(noting the structure for habeas corpus proceedings would be turned upside down if the court should play such a game of recharacterization and semantics)*, cert. denied,* 531 U.S. 881 (2000).

[3] *Id; see also Crowdis v. Cockrell,* No. 4:02-CV-362-Y, 2002 WL 31697721, at * 4 (N.D.Tex. Nov. 27, 2002); *Davis v. Johnson,* No.3:01-CV-244-X, 2001 WL 363074, at * 3 (N.D.Tex. April 3, 2001), *rep. and rec. adopted*, 2001 WL 506944 (N.D.Tex. May 9, 2001).

[4] *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056 (1999), *citing Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997), *cert. den'd, Johnson v. Monroe*, 522 U.S. 1003 (1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) *cert. denied*, 518 U.S. 1022(1996); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992).

[5] *Nichols,* 69 F.3d at 1275 (quoting *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.), *cert. denied*, 484 U.S. 838 (1987)).

Petitioner Edward J. Breeden Jr.'s petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED September 5, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE